IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**MICHAEL DANIEL BOWMAN,**

        **Plaintiff,**

v.                                                                      **Civil Action No. 5:19cv255**
                                                                                       **(Judge Bailey)**

**MARSHALL COUNTY COMMISSION;**
**JOSEPH R. CANESTRARO,** Assistant
Prosecuting Attorney, Marshall County
Prosecutor's Office**; RHONDA WADE,**
Prosecuting Attorney, Marshall County
Prosecutor's Office**,**

        **Defendant.**

## REPORT AND RECOMMENDATION

This matter is assigned to the Honorable John Preston Bailey, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of a proposed recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)B) and LR PL P 2. Pending before the court is the Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983.

        **I.**        **BACKGROUND**

On November 10, 2015, the Marshall Grand Jury returned two indictments charging the Plaintiff with committing various sex crimes. The indictment in case number 15-F-59 charged the Plaintiff with four counts of sexual abuse by a parent, guardian, custodian or person in a position of trust; two counts of first-degree sexual abuse; two counts of first-degree sexual assault; and one count of child abuse resulting in bodily injury by a parent, guardian or custodian. These charges identified E.W. as the

victim. In a second indictment, case number 15-F-60, where the victim was identified as H.S., the Plaintiff was charged with three counts of first-degree sexual abuse and one count of second-degree sexual assault.

On June 3, 2016, the circuit court consolidated the two cases for trial, and trial began on May 19, 2017. During trial, the State clarified its intent to dismiss four counts: two sexual abuse by a parent, guardian or custodian charges; one first-degree sexual abuse charge; and one first-degree sexual assault charge. The Plaintiff argued for a mistrial claiming that the jury was tainted by the State's opening statement, which included references to the now dismissed charges. The trial court declined to grant a mistrial.

At the conclusion of trial, with respect to the remaining charges concerning E.W., the jury found the Plaintiff guilty of one count each of sexual abuse by a custodian, first-degree sexual abuse, and first degree sexual assault. The jury acquitted the Plaintiff of one count of sexual abuse by a custodian and the count of child abuse resulting in bodily injury. With respect to the charges concerning H.S., the jury found the Plaintiff guilty of two counts of first-degree sexual abuse and acquitted him of the remaining first-degree sexual abuse and second-degree sexual assault counts.

On July 5, 2017, the parties appeared for sentencing. The court sentenced the Plaintiff to consecutive terms of incarceration that resulted in an effective sentence of not less that twenty-eight nor more than seventy years.

Thereafter, the Plaintiff filed a direct appeal by counsel containing a lone assignment of error, specifically, that the circuit court should have declared a mistrial when the State dismissed the counts midway through its case. On July 20, 2017, the

State of West Virginia Supreme Court of Appeals affirmed the sentencing order. On December 17, 2017, the Plaintiff filed a Petition for Writ of Habeas Corpus, which remains pending in the Circuit Court of Marshall County.

## II.   COMPLAINT

For his first claim, he alleges that Mr. Canestraro forged the indictments in his case. In support of this claim, he alleges that during voir dire proceedings, a bench conference was held with a potential juror, Thomas Grimm, who was the March/July/November-2015-Foreperson of the Marshall County Grand Jury. The Plaintiff further alleges that Mr. Grimm was the foreperson for the indictments issued against him in November of 2015. During the bench conference, the Plaintiff alleges that Judge Cramer asked Mr. Grimm if the signatures on the indictments were his, and he stated no and further stated that he did not step out of any grand jury proceedings. Accordingly, the Plaintiff alleges that the foreperson signature on the indictments were forged by Joseph Canestraro.

For his second claim, the Plaintiff alleges that Rhonda Wade falsified court documents and mailed them directly to him. In support of this claim, the Plaintiff alleges that after he discovered the alleged forgeries, he wrote a letter to Judge Cramer in December of 2019 and explained his discoveries. He further alleges that Ms. Wade send a response to his letter on March 26, 2019, claiming that a Gary Martin was the November-2015-Foreperson, not Mr. Grimm. The Plaintiff alleges that this is false because Mr. Grimm stated at the bench conference that he served on all three Grand Juries in 2015 and was the foreman.

The Plaintiff alleges that the actions of Mr. Canestraro and Ms. Wade deprived him of his constitutional rights. For relief, he seeks judgment in the amount of $1,000,000.

### III. STANDARD OF REVIEW

Courts must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, a complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d) is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit. . .

490 U.S. at 327.

The Federal Rules of Civil Procedure require only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

The Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1, 92 S.Ct. 594, 596 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). While *pro se* pleadings are held to a less stringent standard than those drafted by attorneys, even under this less stringent standard, a *pro se* complaint is still subject to dismissal. Haines, supra, at 520–21. "[T]he mandated liberal construction afforded to pro se pleadings 'means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so.'" Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir.1999). However, "judges are [ ] not required to construct a party's legal arguments for him." Small v. Endicott, 998 F.2d 411, 417 - 8 (7th Cir.1993).

Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. at 555 (2007). Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face." Id. at 555, 570. In Twombly, the Supreme Court found that "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570. Thus, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

## IV.  ANALYSIS

This case should be dismissed as frivolous because the Plaintiff has no chance of success. In Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994), the United States Supreme Court found:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus . . .

Heck at 487 (footnote omitted). Moreover, the Supreme Court stated that one reason for imposing such a requirement is to prevent a convicted criminal defendant from collaterally attacking his criminal conviction through a civil suit. Id. at 484.

Upon review of the complaint, it is clear that a decision favorable to the Plaintiff in this case "would necessarily imply the invalidity of his conviction or sentence" Harden v. Pataki, 320 F.3d 1289, 1291 (11th Cir. 2003) (citing Heck at 487) and that the Plaintiff has failed to make a showing that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Accordingly, the Plaintiff has no chance of success on the merits and his claim is frivolous.

## V.  RECOMMENDATION

In consideration of the foregoing, it is recommended that the Plaintiff's complaint be **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). It is further

recommended that the Plaintiff's Motion for Leave to Proceed *in forma pauperis* [ECF No. 2] be **DENIED AS MOOT**.

Within 14 days of service of this Report and Recommendation the Plaintiff may file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

It is so **ORDERED**.

DATED: September 25, 2019.

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE

7